**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000788
27-SEP-2018
07:50 AM**

NO. CAAP-17-0000788

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NATIONSTAR MORTGAGE, LLC., Plaintiff-Appellee, v.
MARK A. LEE; CHERYL A. LEE, Defendants-Appellants
and
PACIFIC SOURCE, INC.; KAHANA RIDGE
ASSOCIATION, INC., Defendants-Appellees,
and
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS, OR OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0336(3))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendants-Appellants Mark A. Lee and Cheryl A. Lee
(**collectively the Lees**) appeal from the "Order Granting
Plaintiff's Motion for Confirmation of Sale, Distribution of
Proceeds, and for Writ of Ejectment filed March 31, 2017" (**Order
Confirming Sale**), the "Judgment" on the Order Confirming Sale
(**Judgment Confirming Sale**), and the "Writ of Ejectment", all of
which were filed on October 2, 2017, in favor of Plaintiff-
Appellee Nationstar Mortgage LLC (**Nationstar**), in the Circuit
Court of the Second Circuit (**Circuit Court**).[1]

_____

[1]  The Honorable Joseph E. Cardoza presided.

On appeal, the Lees contend that the Circuit Court erred in: (1) issuing the Order Confirming Sale, Judgment Confirming Sale, and Writ of Ejectment because Nationstar failed to establish standing to invoke the jurisdiction of the Circuit Court at the commencement of the foreclosure action; and (2) granting Nationstar's request for attorneys' fees and costs, specifically those incurred in connection with an August 5, 2016 Judgment on a decree of foreclosure, because the request was untimely and thus in violation of Hawaii Rules of Civil Procedure (**HRCP**) Rule 54(d)(2)[2].

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Lees' points of error as follows, and affirm.

On August 5, 2016, the Circuit Court granted Nationstar's motion for summary judgment seeking a decree of foreclosure and entered the Judgment on the decree of foreclosure (**Foreclosure Judgment**) against all defendants in the foreclosure action, including the Lees.  The Lees never appealed from the Foreclosure Judgment.

---

[2]  HRCP Rule 54(d)(2) provides:

(2) Attorneys' Fees.

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) <u>Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of an appealable order or judgment</u>; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

(C) The provisions of subparagraphs (A) and (B) do not apply to claims for fees and expenses as sanctions for violations of rules.

In the confirmation of sale proceedings, held after the Foreclosure Judgment was issued, the Lees argued the Foreclosure Judgment was void because Nationstar had failed to establish its standing to foreclose at the commencement of the action. The Lees also argued that Nationstar should be barred from seeking attorneys' fees and costs because it did not file its request within fourteen days of the Foreclosure Judgment.

On October 2, 2017, the Circuit Court entered its Order Confirming Sale and Judgment Confirming Sale in Nationstar's favor. The Circuit Court also awarded Nationstar $10,438.22 in attorneys' fees and $2,115.98 in costs in the Order Confirming Sale.

The primary statute that authorizes a party to appeal in a foreclosure action is Hawaii Revised Statutes (**HRS**) § 667-51(a) (2016).[3] "Under HRS § 667-51, foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and order of sale appealable pursuant to HRS § 667-51(a)(1) and (2) all other orders that 'fall within the second part of the bifurcated proceedings.'" Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 372, 390 P.3d 1248, 1259 (2017) (quoting Mortg. Elec. Registration Sys., Inc. v. Wise, 130

---

[3] HRS § 667-51(a) provides:

**[§667-51] Appeals.** (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:

(1) A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;

(2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and

(3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

Hawai'i 11, 16, 304 P.3d 1192, 1197 (2013)). A decree of foreclosure "finally determines the merits of the controversy," and is immediately appealable upon its entry. Wise, 130 Hawai'i at 16, 304 P.3d at 1197 (quoting MDG Supply, Inc. v. Diversified Investments, Inc., 51 Haw. 375, 380, 463 P.2d 525, 528 (1969)). Any subsequent proceedings such as orders confirming sale are thus separately appealable from the decree of foreclosure, and fall within the second part of the bifurcated proceedings. Id. Such subsequent proceedings are simply incidents to a decree of foreclosure's enforcement. Id.

In Wise, a foreclosure action, the Supreme Court of Hawai'i held that mortgagors were precluded from challenging a mortgagee's standing to bring the foreclosure action where the mortgagors had failed to appeal from the foreclosure judgment, but had appealed from the confirmation of sale proceedings. 130 Hawai'i at 17, 304 P.3d at 1198. In short, a challenge to a foreclosing plaintiff's standing to bring a foreclosure action must be asserted in a timely appeal from the judgment of foreclosure, or such challenge is precluded by the doctrine of res judicata. Id.

Likewise, we have reiterated that "the doctrine of res judicata precludes foreclosure defendants from raising defenses at the confirmation of sale of the subject property that could have been raised in the earlier foreclosure proceedings[.]" See Bank of America, N.A. v. Panzo, No. CAAP-14-0001356, 2017 WL 1194002, at *1 (Hawai'i App. Mar. 31, 2017), reconsideration denied, CAAP-14-0001356, 2017 WL 1753390 (Hawai'i App. May 4, 2017), cert. denied, SCWC-14-0001356, 2017 WL 4837872, (Haw. Oct. 26, 2017)(holding that having not preserved the standing argument in conjunction with the Foreclosure Judgment, mortgagor was not entitled to relief based on a standing argument in an appeal from the subsequent confirmation of sale proceedings); see also Nationstar Mortgage LLC v. Akepa Properties LLC, No. CAAP-15-0000407, 2017 WL 1401468, at *2 (Hawai'i App. Apr. 19, 2017) (holding that, where a foreclosure defendant did not appeal from the foreclosure judgment, it could not raise or resurrect its standing arguments in the subsequent confirmation of sale

4

proceedings or in an HRCP Rule 60(b) motion). Similarly, here, the Lees' failure to appeal from the Foreclosure Judgment precludes them from objecting to Nationstar's standing in this appeal from the Order Confirming Sale.

In this appeal, the Lees fail to assert any error made by the Circuit Court specific to its Order Confirming Sale, Judgment Confirming Sale, and Writ of Ejectment. Instead, the Lees contend that this Court must set aside the Order Confirming Sale because it is void under HRCP Rule 60(b)(4) for lack of standing, despite there being no ruling on an HRCP Rule 60(b) motion properly before us in this appeal.[4] In any event, we have previously held that lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4). Akepa, 2017 WL 1401468, at *2-3.

As to the Lees' second point of error, we conclude that the Circuit Court did not abuse its discretion in awarding Nationstar attorneys' fees and costs in its entry of the Order Confirming Sale. See Central Pacific Bank v. Metcalfe, No. CAAP-14-0000851, 2015 WL 3549997, at *1 (Hawai'i App. June 4, 2015)(affirming trial court's award of attorneys' fees and costs to a mortgagee in conjunction with an entry of order confirming sale following a foreclosure decree).

In the instant appeal, the Lees contend that the Circuit Court abused its discretion in awarding attorneys' fees and costs to Nationstar because: (1) Nationstar failed to file a motion for attorneys' fees and costs within fourteen days after entry of the Foreclosure Judgment in violation of HRCP Rule 54(d)(2); and (2) the Circuit Court lacked jurisdiction to award

---

[4] On November 21, 2017, after the Lees filed their notice of appeal in this appeal, they filed "Defendant Mark A. Lee and Cheryl A. Lees' HRCP Rule 60(b) Motion for Relief from Foreclosure Judgments" (**HRCP Rule 60(b) Motion**). In the HRCP Rule 60(b) motion, the Lees asked the Circuit Court to set aside 1) an FOF/COL and order, 2) the Foreclosure Judgment, and 3) the Order Confirming Sale, because Nationstar failed to establish its standing to foreclose on the subject property at the commencement of the action. In the opening brief, the Lees note that said Motion for Relief was orally denied at a hearing held on January 24, 2018, and that no order denying said motion had been filed at the time of the instant appeal.

attorneys' fees and costs at the confirmation of sale proceedings.

As a preliminary matter, we have previously held that in a foreclosure action, a trial court retains jurisdiction to award attorneys' fees and costs at the entry of confirmation of sale despite a request being filed outside the time frame set forth in HRCP Rule 54(d)(2) and after the filing of a notice of appeal from a foreclosure judgment. Metcalfe, 2015 WL 3549997, at *1. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." Metcalfe, 2015 WL 3549997, at *1 (quoting TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999)). However, "[n]otwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment, and may act in aid of the appeal." Id. As noted in Metcalfe:

> [t]he decree of foreclosure is deemed final for appeal purposes notwithstanding the fact that many matters relating to it remain undetermined. Matters such as the order of sale, appointment of commissioner, confirmation of sale, award of costs and fees, and award of deficiency judgment are deemed to be incidents to the enforcement of the decree of foreclosure. . . . and errors unique to them are separately appealable, . . . when they are fully adjudicated[.]

2015 WL 3549997, at *1 (quoting Sturkie v. Han, 2 Haw. App. 140, 146-147, 627 P.2d 296, 302 (Haw. App. 1981 (emphasis in original). Accordingly, the Circuit Court had jurisdiction to award Nationstar attorneys' fees and costs at the confirmation of sale proceedings.

The Circuit Court's award of attorneys' fees and costs to Nationstar is likewise in compliance with the requirements set forth in HRCP 54(d)(2). HRCP Rule 54(d)(2)(B) provides, in relevant part:

> Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees and expenses] must be filed and served no later than 14 days after entry of an appealable order or judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

(Emphasis added). Here, the Circuit Court explicitly ordered in its "Findings of Fact, Conclusions of Law and Order Granting

Plaintiff's Motion for Summary Judgment and/or Default Judgment, and For Interlocutory Decree of Foreclosure Against All Parties, Filed April 4, 2016" (**FOF/COL and Order**) that "[t]he amount of attorneys' fees and costs shall be determined by the [Circuit] Court at the hearing confirming the sale of the Property." Accordingly, the Circuit Court, through its entry of its FOF/COL and Order, provided an alternate deadline to determine the amount of attorneys' fees and costs, thus dispensing with the general fourteen day requirement, as allowed under HRCP Rule 54(d)(2)(B). In "Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and For Writ of Ejectment", Nationstar set forth its request and supporting documentation for attorneys' fees and costs, which the Circuit Court subsequently approved. Given the record in this case, the Circuit Court did not abuse its discretion in its award of attorneys' fees and costs to Nationstar, and its award was compliant with HRCP Rule 54(d)(2).

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the Second Circuit's "Order Granting Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment filed March 31, 2017", the "Judgment", and the "Writ of Ejectment", all filed on October 2, 2017, are affirmed.

DATED: Honolulu, Hawai'i, September 27, 2018.

On the briefs:

Gary Victor Dubin,
Katherine S. Belford,
for Defendant-Appellants.

Andrew J. Lautenbach,
Kukui Claydon,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7